## EX PARTE ROSCOE JOHNSON.

No. 20527. Delivered May 24, 1939.

The opinion states the case.

*W. W. Ballard,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Judge.

This appeal is from an order of the County Judge of Wichita County, Texas, remanding relator to the custody of the sheriff.

On February 15, 1939, relator was convicted in the County Court of Wichita County of misdemeanor theft and his punish-

ment assessed at one year in the county jail. On the same day the attorney then representing relator filed a motion for new trial upon the ground only that the evidence was insufficient. On February 28, 1939, the court entered an order on his docket overruling the motion for new trial. It appears that the attorney then representing relator told the judge that he did not expect to appeal the case and asked the judge to overrule the motion, which was done. The relator was not present in court at the time said order was made. A few days later relator's present attorney talked to the judge about the probable invalidity of the order overruling the motion for new trial, it having been made in relator's absence. The trial term of court adjourned at midnight on April 2d. A capias pro fine was issued for relator on February 28th, the same day the motion for new trial was overruled. He was taken into custody, but when the probable invalidity of the order overruling the motion for new trial was discussed he was released. No order was made by the judge on his own motion to set said order aside and relator's new attorney never presented any motion requesting such action. After the adjournment of court—on April 6th—another capias pro fine was issued under authority of which relator was again taken into custody. A writ of habeas corpus was secured from the County Judge seeking discharge of relator and upon a hearing he was remanded and it is from such order this appeal is prosecuted.

It seems to have been the idea of the officers that if the order overruling the motion for new trial was irregular it would be overruled by operation of law in any event upon adjournment of court. It is not necessary to discuss the point suggested.

In our opinion the case here turns upon the question of "notice of appeal." If upon proper procedure the case could have been brought here upon appeal and was not, relator can not avail himself of the writ of habeas corpus in lieu of appeal. See Branch's Ann. Tex. P. C., Sec. 239, p. 151; 4 Tex. Jur. p. 115, Sec. 77; 21 Tex. Jur. p. 426, Sec. 8.

If relator's present attorney had desired to do so he had from February 28th to April 2d to file and present in relator's presence a motion asking the court to set aside the order on the motion for new trial, but he never sought to do so, relying as he admits, upon the claimed irregularity of the order to secure a reversal upon appeal.

Art. 827 C. C. P. provides: "* * * If notice of appeal is given at the term at which the conviction is had and the same

is not entered of record, then by making proof of the fact, the judge of the court trying the cause shall order the same entered of record either in term time or vacation by entering in the minutes of his court an order to that effect. Said entry when so made shall bear date as of date when notice of appeal was actually given in open court."

If no notice of appeal from the judgment of conviction was given in open court then relator can not substitute a habeas corpus proceeding for his statutory right to have his case reviewed on appeal. If notice of appeal was given in open court but by inadvertence not carried into the court minutes said Art. 827 points out the way to have the situation remedied. If notice of appeal was given in open court and the trial judge wilfully refuses to enter such notice he might be compelled to do so under a proper proceeding, but it is not by writ of habeas corpus. Ex parte Martinez, 66 Tex. Cr. R. 1, 145 S. W. 959.

Upon the habeas corpus hearing much evidence was heard regarding the question of whether notice of appeal was given. It seems certain that relator's present attorney talked with the county judge regarding the case more than once and expressed his purpose of appealing the case. He also told the county judge's stenographer to tell the judge that he wanted notice of appeal entered of record, and the stenographer so advised the judge, but none of the conversations mentioned seem to have occurred in open court. Nothing is shown which prevented counsel from appearing in open court and giving notice of appeal any time between February 28th and April 2d. In the judgment remanding relator it is recited that notice of appeal was not given at any time during the term of court. It seems certain that notice of appeal was never given in open court as the law requires. (Art. 827 C. C. P.)

The judgment remanding relator is affirmed.